1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARY JO SAAVEDRA,                          Case No.  2:21-cv-01587-KJM-JDP (PS)

12                    Plaintiff,                 **FINDINGS AND RECOMMENDATIONS**

13          v.                                   THAT PLAINTIFF'S MOTION FOR
                                                 DEFAULT JUDGMENT BE DENIED
14    RIDDELL MACKEY, *et al.*,                  WITHOUT PREJUDICE

15                    Defendants.                ECF No. 46

16                                               OBJECTIONS DUE WITHIN FOURTEEN
                                                 DAYS
17

18          Plaintiff Mary Jo Saavedra brings this negligence action against defendants Riddell

19   Mackey and Jeffrey DeGroot.[1]  ECF No. 1.  Plaintiff alleges that DeGroot and Mackey's vehicle

20   collided with her vehicle, causing her injury.  DeGroot has appeared, but Mackey has not.[2]

21   Plaintiff now moves for default judgment against Mackey.  ECF No. 46.  Because a non-

22   defaulting defendant remains, I will recommend that plaintiff's motion be denied as premature.

23          Federal Rule of Civil Procedure 54 provides, "when multiple parties are involved, the

24   court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties

25   only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P.

26   54(b).  The Ninth Circuit has recognized that default judgment should not be entered against a

27   ───────────────────
         [1] Plaintiff previously dismissed defendant EAN Holdings, LLC.  ECF No. 10.
28       [2] Mackey was personally served.  Fed. R. Civ. P. 4(e)(2)(A); ECF No. 25 at 3-4.

                                                 1

defaulting defendant "until the matter has been adjudicated with regard to all defendants."

*Nielson v. Chang*, 253 F.3d 520, 531-32 (9th Cir. 2001) (summarizing the holding of *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); *Garamendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012) (providing that the "proper procedure" for district courts is to wait until the completion of trial against the non-defaulting defendant before entering default judgment against the defaulting defendant); *Jetpack Enterprises, LLC v. Jetlev, LLC*, No. SACV 15-02113-CJC (JCGx), 2017 WL 10562552, at *2 (C.D. Cal. Mar. 9, 2017) (declining to enter default judgment against defaulting defendants when non-defaulting defendants were actively litigating the matter because it would create "an unnecessary risk of inconsistent judgments").

In this case, there is just reason to delay entry of default judgment against Mackey.  Both defendants are similarly situated, and plaintiff's claims tie them together.  The complaint alleges that either DeGroot or Mackey was driving the car that caused the collision with plaintiff's vehicle.  ECF No. 1 at 2.  Indeed, plaintiff acknowledges in her motion that the claims against DeGroot and Mackey are "intertwined," and that entry of default judgment could lead "to the real possibility that there would be inconsistent determinations of damages."  ECF No. 46 at 3.  Since DeGroot's liability is undetermined, a risk of inconsistent judgments would exist if the court were to enter default judgment for Mackey at this time.  *See Frow*, 82 U.S. at 554 ("A final decree on the merits cannot be made separate against one of several defendants upon a joint charge against all, where the case is still pending as to the others."); *Penton v. Johnson*, No. 2:11-cv-0518-TLN-KJN (P), 2022 WL 483147, at *2 (E.D. Cal. Feb. 16, 2022) (denying without prejudice plaintiff's renewed motion for default judgment when the claims against the defaulting defendant were factually intertwined with the claims against the remaining defendants).

Considering the risk of inconsistent outcomes, I recommend that the court decline to enter default judgment against Mackey.  Nothing in this order foreclosures plaintiff from renewing her motion at a more appropriate juncture.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for default judgment, ECF No. 46, be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3