UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SAAVEDRA,<br><br>        Plaintiff,<br><br>    v.<br><br>RIDDELL MACKEY, et al.,<br><br>        Defendants.<br><br>JEFFREY DEGROOT,<br><br>        Cross Claimant,<br><br>    v.<br><br>RIDDELL MACKEY,<br><br>        Cross Defendant. | No. 2:21-cv-01587-DC-JDP<br><br>ORDER DISMISSING CROSS CLAIMANT <u>JEFFREY DEGROOT'S CROSSCLAIM DUE</u> <u>TO HIS FAILURE TO COMPLY WITH</u> <u>COURT ORDERS AND FAILURE TO</u> <u>PROSECUTE</u> |

On December 16, 2024, the court issued an order setting a final pretrial conference and directing the parties to file a joint pretrial statement by no later than March 21, 2025. (Doc. No. 53.) Plaintiff timely filed a status report but informed the court that Defendant Jeffrey DeGroot did not participate in the drafting of that statement. (Doc. Nos. 55, 56.) Consequently, on March 24, 2025, the court issued an order setting a deadline for Plaintiff to file a motion for default judgment and directing Defendant and Cross Claimant Jeffrey DeGroot to show cause by no later than 4/11/2025, "why his crossclaims brought against Cross-Defendant Riddell Mackey in this

1

action should not be dismissed due to his failure to prosecute and failure to comply with a court order." (Doc. No. 57.)

Defendant and Cross Claimant Jeffrey DeGroot did not file a response to that order, nor otherwise communicate with the court. In light of his failure to timely respond to the court's March 24, 2025 order to show cause, it appears that Defendant and Cross Claimant Jeffrey DeGroot no longer wishes to prosecute the crossclaim (Doc. No. 20) he brought in this action but rather has abandoned those claims.[1]

In determining whether to dismiss a case for lack of prosecution, courts consider the follow factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

In addition, the Local Rules of this court provide that the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992).

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to Cross Defendant all support the imposition of the sanction of dismissal of Cross Claimant's cross claims in this action. Only the public policy favoring

---

[1] Plaintiff timely filed a motion for default judgment on April 24, 2025. (Doc. No. 59.) The magistrate judge held a hearing on that motion on July 17, 2025, at which Defendant Jeffrey DeGroot did not appear, and the court denied Plaintiff's motion without prejudice. (Doc. No. 61.) Plaintiff has not since filed a renewed motion for default judgment, nor otherwise communicated with the court. Accordingly, the court will direct Plaintiff to file a status report to inform the court whether she intends to proceed with this case or dismiss her claims.

disposition on the merits counsels against dismissal. However, Cross Claimant's failure to prosecute his cross claims makes disposition on the merits an impossibility. Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures. The issuance of yet another order to show cause would be futile under the circumstances presented.

Accordingly, Cross Claimant's crossclaim (Doc. No. 20) in this action will be dismissed due to Cross Claimant's failure to prosecute and failure to comply with the court's orders.

For the reasons set forth above,

1. This crossclaim (Doc. No. 20) is DISMISSED, without prejudice, due to Cross Claimant's failure to respond to the March 24, 2025 order to show cause (Doc. No. 57), failure to prosecute this action, and failure to comply with court orders;

2. The Clerk of the Court is directed to update the docket to reflect that Cross Defendant Riddell Mackey has been terminated as a cross defendant in this action; and

3. Plaintiff shall file a status report by no later than fourteen (14) days from the date of entry of this order to inform the court whether she intends to proceed with this case and to file a renewed motion for default judgment, or she intends to dismiss this case.

IT IS SO ORDERED.

Dated:   **January 13, 2026**   _____

Dena Coggins
United States District Judge

3